**Juan Fernando FORERO,**
**Plaintiff—Appellant,**

v.

**Wes MYERS, an individual; et**
**al., Defendants—Appellees.**

No. 06–15624.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2008 *.

Filed Feb. 25, 2008.

Jeffrey A. Dickerson, Esq., Reno, NV,
for Plaintiff–Appellant.

Creighton C. Skau, Esq., Reno City At-
torney's Office, Reno, NV, for Defendants–
Appellees.

Before: D.W. NELSON, KLEINFELD,
and HAWKINS, Circuit Judges.

MEMORANDUM **

The officer had probable cause to be-
lieve that Myers had attempted to kidnap
the girl. He had at least the following: (1)
the girl gave an initial account; (2) a li-
cense plate check showed that the defen-
dant's car was where the offense occurred,
when it occurred; (3) the defendant's prior
conduct was consistent with intense and
unlawful sexual activity directed toward
young girls of about the same age, and as
we held in *Burrell v. McIlroy,*[1] prior crimi-
nal history may be considered as part of
the totality of circumstances, though it
alone cannot establish probable cause;[2]
(4) the girl identified the defendant as the
perpetrator; (5) the defendant gave the
appearance that he was fleeing the grand-
parents and the girl when the girl identi-
fied the defendant and his car in the park-
ing lot; and (6) the girl stated that the
perpetrator had grabbed at her backpack.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. *Burrell v. McIlroy,* 464 F.3d 853 (9th Cir.
2006).

2. *Id.* at 858 n. 3.

Though the girl gave a different account at the preliminary hearing, recanting her previous account and identification of the defendant, and the charges were dismissed, that does not vitiate the probable cause the police officer had for the arrest. Because there was probable cause, we need not reach the question of qualified immunity.

AFFIRMED.